## BIRDSEY vs. VANSANDS.

Proceedings, instituted, by a creditor, for the purpose of procuring the appointment of a trustee of an insolvent debtor's estate, pursuant to the provisions of the statute of 1853, relating to the settlement of assigned estates, can not be defeated by a voluntary assignment made by the debtor, subsequent to the commencement of such proceedings.

THIS was an appeal from a decree of the court of probate for the district of Meriden.

On the 10th day of February, 1855, Lot D. Vansands presented a petition to said probate court, alleging that he was an attaching creditor of Edwin Birdsey, and that Birdsey was insolvent, and praying for the appointment of a trustee to take possession of Birdsey's property, for the benefit of his creditors, under the statute, entitled " An act for the relief of insolvent debtors, and for the more equal distribution of their effects among their creditors."

Upon the hearing of said petition, Birdsey admitted that the allegations in said petition were true, and offered in evidence a voluntary assignment of his estate, made by him, on the 15th day of said February, to Joel Miller, in trust for the benefit of all his creditors, pursuant to the provisions of the

statutes relating to the settlement of insolvent estates assigned for the benefit of creditors. Said assignment, which was, in other respects, in the usual form, contained the following clause. "And if my said trustee should decline to accept and execute said trust, I hereby reserve to myself the power of appointing another trustee in his stead, and in place of any other trustee, hereafter appointed by me, who may decline said trust."

The probate court found that said assignment was in all respects made and executed according to law, and had been duly lodged in the office of said court for record, and ordered that said petition be dismissed.

Vansands thereupon appealed from said decree to the superior court for the county of New Haven, assigning, among other matters, as reasons for appeal, that on the 16th day of December, 1854, one Charles Parker caused to be attached certain real estate of said Birdsey, in a suit then pending, and which was brought to secure a debt due from said Birdsey to Parker, of about $1,200 ; that the assignment of Birdsey, lodged for record in the office of said court of probate, on the 15th day of February, 1855, being more than sixty days from the day of the issuing and service of said attachment, was fraudulent and void, as against the creditors of Birdsey, because the same was made by Birdsey, when in failing circumstances, with a view to his insolvency, and during the pendency of the petition of the appellant, and with the intent to prevent the granting of said petition, and to procure the dismissal thereof, and thereby to aid the said Parker in obtaining, by virtue of his attachment, a preference over the appellant, and the other creditors of Birdsey, contrary to the true intent of the statute.

Said superior court, at the term holden in April, 1855, found the reasons of appeal, assigned by the appellant, to be true, and thereupon reversed the decree of the probate court. Birdsey, by motion in error, then brought the case before this court.

*Wright* and *Doolittle*, in support of the motion.

I. The right to convey property is inalienable. 1 Sw. Dig., 18. 11 Kent. Com., 320.

II. A party can be devested of this right, only by the interposition of a positive law, or by a decree of court, when adjudged in default. 6 Conn. R., 281. 9 Conn. R., 181. 7 Conn. R., 46, 48.

The appellee has not been deprived of this right, by positive law. On the contrary, the statute expressly recognizes "an assignment for the benefit of all creditors." Rev. Stat., 512. The statute, §§ 2, 4, moreover, contemplates an assignment, for the purpose of arresting proceedings by the debtor, for the benefit of even one creditor. The statute expressly recognizes the right of alienation of property, by the debtor, until the appointment of a trustee.

III. The appellee has voluntarily done that which ought to be done, and that which he is asked to do, viz., conveyed his property for the benefit of all his creditors. The legal effect is the same, whether the trustee takes an interest by operation of law, or by contract. The lien, created by the attachment of Parker, was vacated by the deed of assignment, and the right to make an assignment, while the application is pending, is recognized by law. Rev. Stat., 514. 1 Kent. Com., 461. *Wolcott* v. *Pond*, 19 Conn. R., 597.

The court dismisses the application of Vansands, because the court has recognized the appointment of a trustee, by the debtor, vacating all previous liens. The argument, that, upon each application, there is an abstract right to have a trustee appointed by the government, proves too much, because any creditor may, under the statute, make his application, and insist upon the appointment of a trustee. The statute expressly recognizes the right to make a general assignment, for the benefit of all creditors, and declares all others fraudulent. It is an impossibility that an assignment, for the benefit of all the creditors, can be fraudulent.

*Baldwin* and *Sayles*, against the motion.

1. The petition of the appellant to the court of probate, for the appointment of a trustee, is legal and sufficient; the allegations therein are admitted to be true; and the decision of the superior court, in this case, reversing the decree of the court of probate, by which this petition was dismissed, is sustained by the law of this state.  Rev. Stat., 513.

2. The assignment of the appellee, if a valid instrument, could not, by its operation, defeat the petition, the same being prior to the assignment, and pending before said court of probate, when this assignment was lodged for record, in the office of said court.  Rev. Stat., 512, 513.

3. The dismissal of said petition, because the assignment of the respondent was lodged for record, in the office of the court of probate, prior to the appointment of a trustee, as prayed for, or because the assignment would secure to the petitioner, and the creditors of the assignor, all their legal rights and benefits, is in contravention of the statute before cited, and of one of the rules of construction of statutes, adopted by this court.  Rev. Stat., 514.  1 Sw. Dig., 12.

4. The law does not provide for the substitution of the debtor's assignment for the pending application of the creditor, for the appointment of a trustee.

5. The assignment is fraudulent and void, as against the creditors of the assignor, because he intended thereby, to defeat the petition of the appellant, and because he intended to prefer, and did prefer, his creditor, who had attached his estate.

Hinman, J.  While the plaintiff in error was prosecuting his application for the appointment of a trustee of the estate of the defendant, under the second section of the act of 1853, for the relief of insolvent debtors, and the more equal distribution of their effects among their creditors, Rev. Stat., 513, the defendant made a voluntary assignment of his estate, under the provisions of the same act; and the court of probate, there-

upon, on the defendant's motion, dismissed the application. We think the probate court erred in thus dismissing the application, and the decision was properly reversed by the superior court. The proceedings on the part of the plaintiff were regular in point of form ; they are expressly authorized by the statute, and, being prior in time to the voluntary assignment, ought not to be defeated by it, after expense has been incurred in the commencement and prosecution of the application. Besides, if anything more is required on a point of this sort, the finding of the superior court is, that the defendant's assignment was fraudulently made, with the intent to defeat the plaintiff's application, and thereby to aid one Charles Parker, who had attached his property, in obtaining a preference over the other creditors. This, being in fraud of the statute, ought not to have been sustained by the court of probate. We, therefore, do not find any error in the judgment of the superior court.

In this opinion, the other judges, WAITE and STORRS, concurred.

Judgment affirmed.